UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RONNIE MOORE                                                                                    PLAINTIFF

v.                                  Civil No. 6:15-CV-06038-SOH-BAB

SERGEANT FORD AND                                                                       DEFENDANTS
OFFICER BELL

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Ronnie Moore, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment. ECF No. 14. A hearing was held on July 14, 2016, to allow the Plaintiff to give a sworn oral statement in response to the Motion.[1] After careful consideration of the briefing and sworn statement of the Plaintiff, the undersigned makes the following Report and Recommendation.

### 1.     BACKGROUND

Plaintiff filed his Complaint on April 20, 2015. Plaintiff alleges excessive use of force by Defendants on February 18, 2015. ECF No. 1, p. 1. Specifically, Plaintiff alleges he was in handcuffs and being taken to the "West ISD Hole" when he was slammed on his face by both

---

[1] The Court held the hearing to allow Plaintiff to respond to the Motion for Summary Judgment by giving a sworn oral statement, rather than a sworn written statement or affidavit. No cross examination of Plaintiff by Defendant was allowed at this hearing, but Defendant was permitted to respond to Plaintiff's testimony.

Defendants about fifteen feet from the hole. ECF No. 1, p. 1. Plaintiff alleges his face was bruised and swollen. ECF No. 7, p. 1. He alleges he now suffers from a continuous right eye twitch and very bad headaches as a result of being slammed to the floor. ECF Nos. 1, pp. 1; 7, p. 1. Plaintiff did not use a court-approved form to file this case, and does not indicate if he is suing Defendants in their official or personal capacity. Plaintiff seeks an apology, attorney's fees, and $65,000. ECF No. 1, p. 1.

Plaintiff appeared in person at the hearing, and gave a sworn statement in response to the Motion. The Court asked Plaintiff for a brief summary of the incident. Plaintiff testified he filed his grievance the very next morning after the February 18, 2015, incident occurred. Plaintiff could not remember the identification numbers of his grievances. The Court showed Plaintiff a copy of Grievance OR-15-00231, dated February 26, 2015. ECF No. 1, p. 2. Plaintiff identified this as the grievance he filed the day after the incident. Plaintiff testified the Sergeant signed the grievance and Plaintiff sent it to the grievance office. "When I got [the grievance] back, Officer asked if I wanted to go further with it." Plaintiff testified he was supposed to wait until the grievance officer came and spoke with him. He was still in the hole at this point. Plaintiff testified he put the grievance denial in his personal property and waited for the officer to come and talk with him. Because the officer did not come and speak with him, he did not do anything further with the grievance.

Plaintiff was shown a copy of OR-15-00682, dated June 13, 2015. ECF No. 15-2, pp. 6-10. He identified this as his second grievance concerning the incident. When asked if he remembered what happened here, Plaintiff testified he spoke to the grievance officer several times. He testified they had not permitted him to sign the denial of the grievance. Plaintiff testified he

did not get any response to this grievance. When asked if he recalled taking any action on this grievance to get something done, Plaintiff replied "No. I don't remember doing anything with it." The Court pointed out to Plaintiff that the Defendants had provided evidence of the appeal and appeal denial for this grievance to the Court. The Court asked again if the Plaintiff recalled doing anything to pursue this grievance. Plaintiff testified he did not.

The Court asked Plaintiff if he recalled taking any other action besides submitting these two grievances. Plaintiff testified he talked to the grievance officer a couple of times.

The Court confirmed Plaintiff signed Grievance OR-15-00231 on February 26, 2015. Plaintiff denied he signed OR-15-00682 on June 13, 2015. When asked when he signed it, he testified he did not know. When asked if he filed only one grievance, Plaintiff replied "Yes." The Court again about the two grievances, and Plaintiff testified he did file two grievances.

The Court asked Plaintiff if anything prevented him from pursuing an appeal through the ADC. Plaintiff replied "No. I was in the hole. They kept me in the hole, writing me up for stupid petty stuff."

Defendants' counsel was given the opportunity to respond. Counsel noted the date on OR-15-00682 was dated on June 13, 2015. This was well after the fifteen days required by the ADC policy for filing a grievance. He also noted OR-15-00231, which was filed within the fifteen day period, was not appealed and therefore not exhausted.

The Court asked Plaintiff if there any other documents or anything else he wanted to submit concerning his case. Plaintiff testified there were just the two grievances, nothing else.

**2.    LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**3.    DISCUSSION**

Defendants argue the case should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this case.  ECF No. 14, p. 1.  The Court agrees.

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Plaintiff filed two grievances regarding this incident: OR-15-00231 and OR-15-00682. Plaintiff filed the Step One unit level for Grievance OR-15-00231 on February 26, 2015. This grievance details the incident on February 18, 2015, where he alleges he was slammed to the ground while wearing handcuffs. The grievance response states Plaintiff attempted to resist and escape. ECF No. 1, p. 2. There is no evidence to indicate Plaintiff pursued or completed an appeal for this grievance in either his or Defendants' submissions to the Court. Plaintiff testified he was asked if he wished to pursue an appeal, but he did not do so. Instead, he placed his grievance in his personal property and waited to speak to a grievance officer. At one point during his sworn statement in response to the Motion for Summary Judgment he stated no grievance officer came to speak to him. Later in the hearing, he testified he spoke to a grievance officer about the incident "a couple of times." Plaintiff did not provide any testimony at the hearing to indicate he pursued an appeal. When asked by the Court if anything prevented him from pursuing an appeal though the ADC, Plaintiff testified "No."[2] Based on his submissions and testimony, Plaintiff knew he had

---

[2] Plaintiff also testified he was kept in the hole for "stupid petty" reasons, which could possibly be interpreted as indicating he could not pursue a grievance while there. As Plaintiff testified he filed the first grievance while he was in the hole, and the grievance itself indicates he filed it while in the hole, it

the option to appeal the grievance and he did not do so. Nor did anything prevent him from pursuing an appeal for this grievance. Based on his exhaustion of his second grievance, Plaintiff knew how to complete an appeal. Even if one assumes Plaintiff mistakenly believed he needed to talk to a grievance officer before pursuing an appeal, this subjective belief is not sufficient to excuse his failure to exhaust. *See Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (the court should not consider the inmate's subjective beliefs, logical or otherwise, in determining whether administrative procedures are available).

Plaintiff filed Grievance OR-15-00682 on June 13, 2015. This grievance alleges he was denied medical care for his headaches resulting from the use of excessive force of February 18, 2015. ECF No. 15-2, p. 10. Plaintiff exhausted his administrative remedies for this grievance on July 22, 2015. ECF No. 15-2, p. 8.

Plaintiff filed this case on April 20, 2015. ECF No. 1, several weeks prior to filing the second grievance. Therefore, Plaintiff's only exhausted grievance, OR-15-00682, was not exhausted until well after this case was filed. Because Plaintiff did not exhaust either of his grievances prior to filing suit, this case should be dismissed.

**4. CONCLUSION**

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 14) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

---

does not appear that his placement there kept him from access to the grievance process.

**district court.**

   **DATED this 19th day of July 2016.**

               /s/ Barry A. Bryant_____
               HON. BARRY A. BRYANT
               UNITED STATES MAGISTRATE JUDGE